H. Dickson Burton (4004)
Krista Weber Powell (8019)
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT 84110
Telephone: (801) 532-1922

Attorneys for Plaintiff
dōTERRA Holdings, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **DŌTERRA HOLDINGS, LLC**, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**VITESSENTIALS GLOBAL, LLC.** a Utah limited liability company and **VITESSENTIALS GLOBAL, INC**, a Nevada corporation.<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:17-cv-01238-PMW<br><br>Magistrate Judge Paul M. Warner<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff dōTERRA Holdings, LLC ("dōTERRA") complains against Defendants Vitessentials Global, LLC and Vitessentials Global, Inc. (collectively ("Vitessentials" or "Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff dōTERRA is a Utah limited liability company with its principal place of business at 389 South 1300 West Pleasant Grove, UT 84062.

2. Upon information and belief, Defendant Vitessentials Global, LLC, is a Utah limited liability company with a principal place of business at 175 S Main Street, Salt Lake City, UT 84111.

3. Upon information and belief, Defendant Vitessentials Global Inc., is a Nevada corporation with a principal place of business at 2592 West Custer Road, Salt Lake City, Utah 84104.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this matter.

5. This is a civil action for trade dress infringement, false designation of origin and unfair competition under the Lanham Act and Utah Code Annotated, arising under the laws of the United States, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1125(a) and for unfair competition arising under Utah Code Ann. § 13-5(a)-103. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(b).

6. This Court has supplemental jurisdiction over dōTERRA's state law claims under 28 U.S.C. § 1367(a) because those claims arise from the same facts alleged in dōTERRA's federal claims.

7. This Court has personal jurisdiction over Defendants because Defendants have their principal place of business within this judicial district. Further, on information and belief, Vitessentials does and has done substantial business in this judicial District, including: (i)

committing acts of trade dress infringement; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and judicial District.

8. Further, the injuries complained of occurred in this district form another basis for jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

10. dōTERRA began offering nutritional supplements in 2008 throughout the United States. dōTERRA's products are sold through independent distributors. Currently, dōTERRA has over three million distributors worldwide.

11. dōTERRA places a high value on the quality of its nutritional supplements.

12. dōTERRA's nutritional supplements are marketed and sold with distinctive packaging that constitutes non-functional trade dress that has come to be associated with dōTERRA. For nearly 10 years, dōTERRA has used a unique and readily identifiable combination of trade dress features on its dietary supplements. Among other things, dōTERRA's trade dress includes the use of a dark bottle with the product name in large print on the front of the bottle, one side of the bottle includes a vertical stripe of broken features and the other side includes a solid vertical stripe. The lettering and two stripes are a bold color.

13. Since the inception of their use, the dōTERRA trade dress has been used by dōTERRA only in connection with the provision of high quality goods.

14. The dōTERRA trade dress is prominently displayed throughout dōTERRA's website, on its goods and in advertising materials.

15. dōTERRA has extensively used the dōTERRA trade dress in the United States in connection with its goods and services. dōTERRA has made significant efforts to advertise, market and promote its products in the United States and, as a result, the trade dress has become well recognized by consumers as distinctive symbols of dōTERRA' goodwill.

16. As a result of its distinctive design, dōTERRA's products were an immediate success and became uniquely associated with dōTERRA as its source.

## TRADE DRESS AT ISSUE

17. At least the following non-functional design elements of the dōTERRA supplements comprise the trade dress at issue in this case (hereinafter, "the dōTERRA Trade Dress"):

   a. A dark bottle with black cap;

   b. The company name at the top of the front of the bottle in smaller print than the product name which is in the center of the front of the bottle. Below the product name is a description of the product in smaller print;

   c. A first vertical colored stripe on the left side of the bottle which may or may not include broken elements; and

   d. A second solid vertical colored stripe on the right side of the bottle which includes product information.

18. As shown below, the combination of elements above comprise the dōTERRA Trade Dress:

   

   

19. dōTERRA has made significant investments of time and money to build, advertise, promote, and otherwise cultivate the appeal of and the goodwill in the dōTERRA Trade Dress.

20. Since the time the dōTERRA Trade Dress was adopted, the sales of the dōTERRA have soared. Over time, sales of dōTERRA supplements bearing the dōTERRA Trade Dress have steadily increased. Accordingly, dōTERRA's Trade Dress has increased dōTERRA's

share of the supplements market and the dōTERRA Trade Dress has acquired strong secondary meaning.

21. The dōTERRA Trade Dress identifies dōTERRA's products as those of dōTERRA exclusively and distinguishes the dōTERRA products from those of its competitors. The distinctive dōTERRA Trade Dress is widely well-known to customers and symbolizes the goodwill that dōTERRA has created by offering these products to consumers.

### DEFENDANTS' INFRINGEMENT

22. On information and belief, Vitessentials owns the website https://viteglobal.com, which offers a variety of products including supplements.

23. Upon information and belief, since 2016, Vitessentials was selling a product that included the following trade dress:



24.     Upon information and belief, at some time after May 2017, Vitessentials began selling each of the following products in the United States, including Utah, which infringes the dōTERRA Trade Dress (collectively "Infringing Products"):

   

   

   

7



25. Vitessentials is infringing the dōTERRA Trade Dress and has copied the dōTERRA Trade Dress in order to confuse consumers, trade on dōTERRA's goodwill and to gain the business at the expense of dōTERRA.

26. Vitessentials' conduct and the resulting consumer confusion have resulted in loss of sales and damage to dōTERRA's goodwill and reputation.

27. On information and belief, Vitessentials knows, should know, or is willfully blind to the fact that its supplements infringe dōTERRA's Trade Dress.

28. dōTERRA seeks, among other things, an injunction enjoining Vitessentials wrongful and unlawful use of the dōTERRA Trade Dress for supplements and seeks damages for the harm Vitessentials has already caused.

29. Vitessentials' continuous willful, intentional, and unauthorized use of the dōTERRA Trade Dress constitutes an infringement of dōTERRA's rights. Vitessentials should not be permitted to trade off of the dōTERRA Trade Dress, which has acquired significant

goodwill and consumer recognition in the supplement industry. Vitessentials' use of the dōTERRA Trade Dress directly and unfairly competes with dōTERRA.

30. Accordingly, Vitessentials should be permanently enjoined from using the dōTERRA Trade Dress, or any confusingly similar design, in connection with supplements or related goods. In addition, Vitessentials is liable for damages caused by past infringements.

## COUNT I

**(Trade Dress Infringement, False Designation of Origin – Lanham Act § 43(a); 15 U.S.C. § 1125(a))**

31. dōTERRA realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

32. dōTERRA is the owner of all right and title to the distinctive dōTERRA Trade Dress. The dōTERRA Trade Dress has acquired secondary meaning, and is not functional.

33. In addition, based on extensive and consistent advertising and marketing efforts, promotion and sales throughout the United States, the dōTERRA Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying dōTERRA as the source of these dōTERRA supplements.

34. dōTERRA's extensive promotion of the distinctive dōTERRA Trade Dress has resulted in dōTERRA's acquisition of valuable, legally protected rights in the dōTERRA Trade Dress as well as considerable consumer goodwill.

35. dōTERRA's Trade Dress has acquired secondary meaning as a result of dōTERRA's extensive use, advertising, and sales across the United States, including on the Internet long prior to Defendants' use.

36. The Trade Dress of the dōTERRA supplements serves a source-identifying role.

37. The Trade Dress of the dōTERRA supplements is non-functional.

38. Vitessentials has misappropriated the dōTERRA Trade Dress by mimicking a combination of several elements of the dōTERRA Trade Dress.

39. Vitessentials' unauthorized use of confusingly similar imitations of the dōTERRA supplements is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Vitessentials' commercial activities, including its promotional activities and advertisements accessible through Defendants' website, and other media content, are associated or connected with dōTERRA, or have the sponsorship, endorsement, or approval of dōTERRA.

40. Vitessentials' manufacture and distribution of supplements with product design features that mimic a combination of several elements of the dōTERRA Trade Dress enables Vitessentials to benefit unfairly from dōTERRA's reputation and success, thereby giving Vitessentials' supplements sales and commercial value they would not have otherwise.

41. Vitessentials' activities and infringing products violate 15 U.S.C. § 1125(a), and unless enjoined by this Court, Vitessentials' activities have caused or will cause a likelihood of confusion and deception to members of the trade and public and, additionally, injury to dōTERRA's goodwill and reputations as symbolized by dōTERRA's Trade Dress, for which dōTERRA has no adequate remedy at law.

42. Defendants' actions demonstrate an intentional, willful, and malicious intent to infringe dōTERRA's Trade Dress, to the great and irreparable injury of dōTERRA.

43. dōTERRA has no adequate remedy at law because the dōTERRA Trade Dress is unique and represents to the public dōTERRA's identity, reputation, and goodwill, such that damages alone cannot fully compensate dōTERRA for Vitessentials' misconduct.

44. Unless enjoined by the Court, Vitessentials will continue to compete unfairly with dōTERRA. The resulting irreparable injury to dōTERRA's business identities, goodwill, and reputation requires preliminary and permanent injunctive relief to prevent Vitessentials' continued unfair competition, and to ameliorate and mitigate dōTERRA's injuries.

45. As a result of Vitessentials' unfair competition, Vitessentials owes damages, restitution, and disgorgement of profits, in an amount unknown at this time to dōTERRA, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Vitessentials.

46. This case is exceptional within the meaning of 15 U.S.C. § 1117(a) and dōTERRA is entitled to recover its attorney's fees and costs.

## COUNT II

**(Common Law Trade Dress Infringement)**

47. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

48. dōTERRA has prior rights in dōTERRA's Trade Dress based at least on its prior and continuous use of the dōTERRA Trade Dress throughout the United States.

49. dōTERRA used the dōTERRA Trade Dress long before Defendants' first use of the confusingly similar Trade Dress.

50. Vitessentials' use of dōTERRA's Trade Dress enables Vitessentials to benefit unfairly from dōTERRA's reputation and success, thereby giving Vitessentials' Infringing Products sales and commercial value that would not have otherwise.

51. Upon information and belief, prior to Vitessentials' first use of the infringing trade dress, Vitessentials was aware of dōTERRA's business and the dōTERRA Trade Dress.

52. Vitessentials' unauthorized use of the dōTERRA Trade Dress is likely, if not certain, to deceive or cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the Infringing Products and/or cause confusion or mistake as to any affiliation, connection, or association between dōTERRA and Vitessentials.

53. dōTERRA is informed and believes, and on that basis alleges, that Vitessentials' infringement of the dōTERRA Trade Dress has been and continues to be intentional, willful, and without regard to dōTERRA's rights.

54. dōTERRA is informed and believes, and on that basis alleges, that Vitessentials has gained profits by virtue of its infringement of the dōTERRA Trade Dress.

55. dōTERRA will suffer and is suffering irreparable harm from Vitessentials' infringement of the dōTERRA Trade Dress insofar as dōTERRA's goodwill is being eroded by Vitessentials' continuing infringement. dōTERRA has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from the Vitessentials' infringing activities. dōTERRA is

entitled to an injunction against Vitessentials' continuing infringement of dōTERRA's Trade Dress.  Unless enjoined, Vitessentials will continue its infringing conduct.

## COUNT III

### (Unfair Competition – Lanham Act § 43(a)(1); 15 U.S.C. § 1125(a)(1))

56. dōTERRA realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

57. dōTERRA has a protectable interest in the dōTERRA Trade Dress.

58. The Trade Dress used by Vitessentials is identical or substantially identical to the dōTERRA Trade Dress.

59. Vitessentials' use of the dōTERRA Trade Dress in commerce is likely to cause confusion in the consuming public as to the source, origin and/or sponsorship of the goods being sold by Vitessentials using the dōTERRA Trade Dress.

60. Vitessentials' acts cannot be fully compensated by damages and dōTERRA will suffer irreparable injury if Vitessentials' conduct is not enjoined. dōTERRA is, therefore, entitled to preliminary and permanent injunctive relief prohibiting Vitessentials from further use of the dōTERRA Trade Dress. Further, because of Vitessentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Vitessentials from any use of the dōTERRA Trade Dress.

61. Vitessentials' actions of unfair competition, as described herein, have caused injury to dōTERRA in an amount to be proven at trial.

62. The infringing activities of Vitessentials are willful and intentional, thereby justifying an aware of exemplary and/or punitive damages.

## COUNT IV

**(Unfair Competition – Unfair Competition Act; Utah Code Ann. § 13-5a-103)**

63. dōTERRA realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

64. Vitessentials' use of its supplement trade dress is confusingly similar to the dōTERRA Trade Dress.

65. Vitessentials is improperly trading on the goodwill dōTERRA has earned with the purchasing public for nutritional supplements by causing the public to be confused as to the sponsorship or affiliation of Vitessentials' goods.

66. Vitessentials' conduct is unlawful.

67. Upon information and belief, Vitessentials have acted willfully and wantonly with the intent to injure dōTERRA.

68. Vitessentials' acts cannot be fully compensated by damages and dōTERRA will suffer irreparable injury if Vitessentials' conduct is not enjoined. dōTERRA is, therefore, entitled to preliminary and permanent injunctive relief prohibiting Vitessentials from further use of the dōTERRA Trade Dress. Further, because of Vitessentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Vitessentials from any use of the dōTERRA Trade Dress.

69. dōTERRA is being damaged by Vitessentials' wrongful actions in an amount that is not yet determined, but is not less than Vitessentials' profits and dōTERRA's lost profits. dōTERRA is entitled to punitive damages in an amount sufficient to punish Vitessentials for its reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

70. dōTERRA is entitled to recover its attorney's fees and costs pursuant to UCA 13-5a-103.

## COUNT V

### (Deceptive Trade Practice – Utah Consumer Sales Practices Act; Utah Code Ann. § 13-11-1 et seq.)

71. dōTERRA realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

72. Vitessentials' use of the trade dress on its supplements is confusingly similar to dōTERRA's use of the dōTERRA Trade Dress for similar goods. Vitessentials' use of the trade dress in connection with the sale, advertising and promotion of nutritional supplements, occurs in the same or similar channels of trade as the goods offered under the dōTERRA Trade Dress.

73. By using the trade dress, Vitessentials' has passed off its goods as those of dōTERRA.

74. Vitessentials is improperly trading on the goodwill dōTERRA has earned with the purchasing public for nutritional supplements by causing the public to be confused as to the sponsorship or affiliation of Vitessentials' goods.

75. Vitessentials' conduct constitutes unfair methods of competition and unfair or deceptive acts or practices as defined in Utah Code Ann. § 13-11-4.

76. dōTERRA has been damaged by Vitessentials in an amount to be established at trial which amount is no less than Vitessentials' profits and dōTERRA's lost profits. dōTERRA is also entitled to punitive damages in an amount sufficient to punish Vitessentials' for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

77. dōTERRA is entitled to injunctive relief and to recover its attorney fees and costs.

## COUNT VI

### (Unjust Enrichment)

78. dōTERRA realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

79. Vitessentials has benefited from the improper, unfair and unauthorized use of dōTERRA's exclusive trade dress rights and goodwill thereto.

80. Vitessentials has knowledge and appreciates the benefits it has received from dōTERRA as a result of such actions.

81. Vitessentials would be unjustly enriched if it were permitted to retain the proceeds from such actions.

82. Equity and conscience require that Vitessentials be required to account for and turn over to dōTERRA an amount equal to the value of the benefits conferred upon it.

## PRAYER FOR RELIEF

**WHEREFORE,** dōTERRA respectfully prays for the following relief against Vitessentials:

The entry of a preliminary and permanent injunction enjoining Vitessentials, its officers, directors, shareholders, agents, servants, employees, and those persons or entities in active concert or participation with them:

1. From infringing any of dōTERRA's rights in the dōTERRA Trade Dress;

2. From using the dōTERRA Trade Dress or any trade dress that is confusingly similar for supplements and related goods;

3. Requiring Vitessentials to promptly eliminate any and all advertising or online images using the dōTERRA Trade Dress or any other confusingly similar designations, including in connection with the above-referenced goods, from all service advertising, the Internet, search engines, web sites, all media, including, but not limited to, newspapers, flyers, coupons, promotions, indoor and outdoor signs, telephone books, telephone directory assistance listings, and mass mailings, all at Vitessentials' cost;

4. From passing off any of the products or services they offer, as those of dōTERRA's;

5. From falsely advertising in any manner that causes confusion as to the origin, source or approval of the goods utilizing the Infringing Trade Dress and from making a false representation as to affiliation, connection

       association with, or certification by another, of the goods utilizing the dōTERRA Trade Dress.

6. Requiring Vitessentials refrain from unfair competition either under federal law or Utah Code Ann. § 13-5a-103.

7. From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses, products or services that offer by using identical or similar marks.

8. Requiring Vitessentials to file with the Court and to serve upon dōTERRA's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order; and

B. Entry of an Order:

1. Awarding to dōTERRA all damages caused by Vitessentials;

2. Requiring Vitessentials to provide an accounting of all revenues and profits gained while engaging in acts complained of in this Complaint;

3. Awarding dōTERRA all of Vitessentials' profits derived from its use of the Infringing Marks in the course of business;

4. Awarding dōTERRA costs and expenses, including reasonable attorneys' fees, incurred by dōTERRA in connection with this action as provided for by statute or by law including, but not limited to 15 U.S.C. § 1117 and Utah Code Ann, §13-11a-4(2)(c);

5. Awarding dōTERRA treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on any claim asserted under § 43(a) of the Lanham Act;

6. Awarding dōTERRA damages to which it is entitled based upon Vitessentials' unjust enrichment, both under federal law and state law as claimed herein;

7. Awarding dōTERRA prejudgment interest at a rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this Complaint through the date of judgment; and,

8. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, dōTERRA hereby demands a trial by jury in this action for all issues that are triable to a jury.

DATED this 30th day of November, 2017

 /s/ H. Dickson Burton
H. Dickson Burton
Krista Weber Powell
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT  84110
Telephone:  (801) 532-1922

Attorneys for dōTERRA Holdings, LLC

Plaintiff's Address:
175 S Main Street
 Salt Lake City, UT 84111